Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TERRI LEE NICHOLS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEREDIAN INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Terri Lee Nichols ("Ms. Nichols"), by her undersigned counsel, for this first amended class action complaint against Defendant Meredian Inc. ("Meredian") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.   INTRODUCTION

1. <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the

Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Meredian to market its financial services through the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

## II. PARTIES

3. Plaintiff Nichols is an individual, who resides, and was located in San Jose, CA at the time of the calls at issue.

4. Meredian Inc. is a California corporation headquartered in Mission Viejo.

## III. JURISDICTION AND VENUE

5. <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

6. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because their conduct at issue was organized into California.

7. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff' claims—namely, the receipt of the illegal telemarketing from Meredian's headquarters—occurred in this District.

8. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff' claims—namely, the receipt of the illegal telemarketing call occurred here.

## IV. FACTS

**A. The Enactment of the TCPA and its Regulations**

9. <u>Robocalls Outlawed</u>: Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of

the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein. Encouraging people to hold robocallers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

10. <u>Rationale</u>: In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

11. The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

12. <u>Prior Express Written Consent</u>: The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that

the agreement be executed as a condition of purchasing any good or service.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted) (internal quotation marks omitted).

**B.     Defendant' Unsolicited, Automated Telemarketing to Plaintiff**

13.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     Plaintiff's residential telephone number is (XXX) 705-XXXX.

15.     That number is assigned to a cellular telephone service.

16.     Meredian is a company that provides debt consolidation services.

17.     Plaintiff Nichols never consented to receive calls from Meredian.

18.     Meredian called made a telemarketing call to Plaintiff's telephone number on June 7, 2022.

19.     Plaintiff did not answer the call resulting in a pre-recorded voice message, which stated "You may be eligible for an interest rate reduction" and requested a call back to the "underwriting department at 1-800-811-1004." The pre-recorded message then stated "This will be the only notice you receive, and this offer is only valid for three business days. Thank you."

20.     A Google search for the telephone number 1-800-811-1004 identifies Meredian's website:



21. A call back to the 1-800 number results in an answering machine which identifies itself as the underwriting department and states that its hours are Monday to Friday 7 am to 5 pm Pacific. Meredian's website identifies these to be Meredian's hours of operation:



22. Plaintiff believes the call was pre-recorded because it was generic, commercial and unsolicited, sounded robotic and unnatural, and started abruptly.

C. **The Nuisance Created by Defendant's Automated Telemarketing**

23. Before directing their automated telemarketing to them, Defendant never did anything to confirm that Plaintiff had provided prior express written consent to their telemarketing, and Defendant knew or should have known that Plaintiff had not provided prior express written consent to receive telemarketing calls promoting Defendant's goods or services and that illegal telemarketing was conducted on behalf of Defendant.

24. The telemarketing alleged herein: (A) invaded Plaintiff' privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed Plaintiff.

V.   **CLASS ACTION ALLEGATIONS**

25. <u>Cellular Telephone Class Definition</u>: Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of two Class (each a "Class," collectively, the "Class"). The first Class (the "Cellular Telephone Class") is defined as follows: All persons in the United States to whom: (A) Defendant, any of them and/or a third party acting on any of their behalf made a pre-recorded call; to a cellular telephone number;  (B) using an artificial or prerecorded voice; between four years prior to the filing of this lawsuit and the first day of trial.

26. <u>Exclusions</u>: Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant

legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

27. <u>Numerosity</u>: The Class are so numerous that joinder of all their members is impracticable.

28. Meredian engages in automated telemarketing, which is done *en masse*.

29. <u>Commonality</u>: There are many questions of law and fact common to Plaintiff and members of the Class. Indeed, the very feature that makes Defendant's conduct so annoying—its automated nature—makes this dispute amenable to classwide resolution. These common questions of law and fact include, but are not limited to, the following: (A) whether the calls were dialed *en masse* by a pre-recorded message; (B) whether Defendant's desire to sell financial goods and services constitutes an "emergency" within the meaning of the TCPA; (C) whether Defendant had a pattern and practice of failing to obtain prior express written consent from people to whom it directed telemarketing; (D) whether Defendant's violations of the TCPA were knowing or willful.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff' claims and those of the Class arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

31. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff have retained competent and capable counsel experienced in TCPA class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and their counsel are aligned with those of the proposed Class.

32. <u>Superiority</u>: The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues, making a class action the superior means of resolution. Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for Class members and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate

claims against Defendant is small because the damages in an individual action (up to $1,500 per violation) are dwarfed by the cost of prosecution.

## VI.    FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)—Robocalling) On Behalf of Plaintiff and the Cellular Telephone Class)**

33. Plaintiff reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

34. Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Cellular Telephone Class using an artificial or prerecorded voice without prior express written consent.

35. Plaintiff and members of that Class are entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and members of that Class are entitled to an award of up to $1,500 in damages for each such knowing and/or willful violation. 47 U.S.C. § 227(b)(3).

37. Plaintiff and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to any cellular telephone number using an artificial or prerecorded voice.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all members of the Class, pray for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein violate the TCPA;

E. An order enjoining Defendant and its affiliates, agents and related entities from engaging in the conduct set forth herein;

|   |   |   |
|---|---|---|
| 1 | F. | An award to Plaintiff and the Class of damages, as allowed by law; |
| 2 | G. | Leave to amend this Complaint to conform to the evidence presented at trial; and |
| 3 | H. | Orders granting such other and further relief as the Court deems necessary, just, |

and proper.

### VIII.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 1st day of July, 2022.

>By: */s/ Rachel E. Kaufman*
>RACHEL E. KAUFMAN
>KAUFMAN P.A.
>237 S Dixie Hwy, 4th Floor
>Coral Gables, FL 33133
>Telephone: (305) 469-5881
>rachel@kaufmanpa.com
>*Attorney for Plaintiff and the Proposed Class*

- 8 -
COMPL.
*Nichols v. Meredian Inc.*